UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                    Criminal Case No. 16-CR-20553

v

                                    Honorable Mark A. Goldsmith

AARON DARNELL TAYLOR,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO SET A BOND (Dkt. 33)

Defendant Aaron Darnell Taylor was charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). See Indictment (Dkt. 13). After a detention hearing was held on August 4, 2016, the magistrate judge ordered Taylor detained pending trial, determining that "there is clear and convincing evidence that Defendant does pose a danger to society, and that there are no conditions and no combination of conditions that would assure the safety of the community if he were to be released on bond." 8/4/2016 Order at 3. On August 15, 2017, Taylor pled guilty to the offense charged. See Rule 11 Plea Agreement (Dkt. 31). On October 11, 2017, Taylor filed a motion requesting that this Court release him on bond, arguing that he neither poses a danger to the community nor is a flight risk. See Def's Mot. at 2 (Dkt. 33).

Title 18 U.S.C. § 3143 governs the release or detention of a federal defendant pending sentencing, and provides:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

18 U.S.C. § 3143(a)(1).

Taylor does not address this standard, but instead argues that he should be released on bond under 18 U.S.C. § 3142. See Def's Mot. at 5-6. However, as the Government correctly points out, Section 3142 addresses the release or detention of a defendant pending trial; Section 3143 addresses the release or detention of a defendant pending sentencing. See Gov't's Resp. at 1. As Taylor has already pled guilty and is awaiting sentencing, Section 3143 applies.

Taylor has not shown "clear and convincing evidence" that he is not likely to flee if released. Taylor argues that his sister has agreed to be a custodian if he were released, and notes that he does not have an enhanced driver's license or a passport. Def's Mot. at 7. He also suggests that the Court could require electronic tethering, which would "reasonably assure his appearance." Id. However, Taylor has a history of mental health issues, see id., which creates a risk of his nonappearance. It also is not clear that Taylor's sister is an appropriate custodian or that her residence is suitable. Further, while electronic tethering may make Taylor's appearance more likely, a tether is only useful insofar as Taylor complies with it. Therefore, there is no clear and convincing evidence that Taylor is unlikely to flee if released.

Nor has Taylor has shown clear and convincing evidence that he is unlikely to pose a danger to the safety of others if released. Taylor was arrested with a stolen firearm at a

Detroit bus terminal, see Aff. in Supp. of Compl. at 3-4 (Dkt. 1), and pled guilty to being a felon in possession of a firearm, see Rule 11 Plea Agreement. He also has a substantial criminal history, much of which has been violent. See id. at 2-3 (listing felony convictions). As such, the Court cannot find by clear and convincing evidence that Taylor would not pose a danger to others if released.

For the foregoing reasons, Taylor's motion to set bond (Dkt. 33) is denied.

SO ORDERED.


Dated: October 26, 2017              s/Mark A. Goldsmith
Detroit, Michigan                    MARK A. GOLDSMITH
                                     United States District Judge


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 26, 2017.

                                     s/Karri Sandusky
                                     Case Manager